IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CASE NO. 2:05-CR-131-A |
| WILLIE JAMES BOSWELL, | * | |
| Defendant. | * | |

**MOTION FOR SEVERANCE
OF DEFENDANTS DUE TO
UNFAIR PREJUDICE**

Comes now the Defendant, Willie James Boswell, by and through his attorney, Benjamin E. Pool, and moves this Honorable Court for a severance of defendants due to unfair prejudice and in support thereof avers as follows:

1. The Defendants may offer inconsistent defenses, creating a situation where acceptance by the jury of one party's defense compels disbelief of the other party's defense.

2. A co-defendant's testimony may be necessary to exculpate Defendant but may not be available under the Fifth Amendment if both defendants are tried jointly.

3. Defendant, Willie Boswell, may elect not to testify at trial, and he may therefore be prejudiced if a co-defendant testifies which could create an implicit contrast with the defendant's failure to testify.

4. If a co-defendant has made an out-of-court statement which is admissible against the co-defendant, but which also implicates the Defendant, Willie Boswell, and the co-defendant elects not to testify, the Defendant will not be able to confront his accuser. *Bruton v. U.S.*, 391

1

U.S. 123, 88 S.Ct. 1620 (1968) held that the co-defendant's confession could not be admitted against the defendant.

5. The jury may be confused about which specific evidence is offered against which defendant. Evidence admissible in a joint trial may not have been admissible against the defendant if he were tried alone.

6. Jurors may assume that Defendant, Willie Boswell, is guilty because of an association with other defendants.

7. The evidence against a co-defendant may be far stronger than that against Defendant, Willie Boswell, which may result in an unfair spillover effect to Defendant, Willie Boswell.

8. The number of defendants and the complexity of the issues may prevent jurors from making a rational decision.

9. Introduction of other crimes evidenced against a co-defendant, or of a prior criminal conviction for impeachment of a co-defendant, may have a spillover effect on the Defendant, Willie Boswell.

WHEREFORE, it is requested that this Court order a severance of the defendants, and that the Defendant, Willie Boswell, be tried alone.

                                                       */S/   Benjamin E. Pool*
                                                       BENJAMIN E. POOL (POO008)

OF COUNSEL:
BENJAMIN E. POOL
Post Office Box 2247
Montgomery, Alabama 36102-2247
(334) 265-3528
(334) 263-2428 FAX

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the _____3rd_____ day of August, 2005.

United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Honorable Christine A. Freeman
Federal Defenders Office
201 Monroe Street, Suite 407
Montgomery, Alabama 36104

Honorable Zachary T. Collins
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

                                                */S/  Benjamin E. Pool*
                                                BENJAMIN E. POOL