IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CASE NO. 2:05-CR-131-A |
| WILLIE JAMES BOSWELL, | * | |
| Defendant. | * | |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S
## MOTION TO SUPPRESS

### FACTS

Defendant was arrested apparently on the basis that a confidential source (CS) had observed the Defendant having been seen in the company of a co-defendant who had allegedly conspired to possess cocaine. Upon his arrest, Defendant's vehicle was searched and a gun and cash were seized.

### LAW

Probable cause to search an automobile exists only when trustworthy facts and circumstances within the officer's personal knowledge would cause a reasonably prudent man to believe that the vehicle contained contraband. *U.S. v. Melendez-Gonzalez*, 727 F.2d 403 (5th Cir. 1984).

Probable cause means more than suspicion. *Brinegar v. U.S.*, 338 U.S. 160 (1949).

The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search and of testimony concerning knowledge acquired during an unlawful search. *Walder v. U.S.*, 347 U.S. 62 (1954).

The burden is on the government to justify a warrantless search. *U.S. v. Jeffers*, 342 U.S. 48 (1951).

## ARGUMENT

The mere fact that the Defendant was seen in the presence of a co-defendant who allegedly conspired with others to possess cocaine does not equate to probable cause to search Defendant's vehicle.

The CS's veracity and basis of knowledge are highly relevant in determining whether probable cause existed. *U.S. v. Phillips*, 727 F.2d 392 (5th Cir. 1984). The Defendant contends that the government will not be able to show sufficient indicia of reliability to substantiate a finding of probable cause. Hence, the search of Defendant's vehicle being unlawful, the exclusionary rule extends to indirect, as well as direct, products of the invasion of Defendant's privacy. *Wong Sun v. U.S.*, 371 U.S. 471 (1963). I.e., all evidence that resulted from the unlawful search of Defendant's vehicle, both tangible and testimonial, is due to be suppressed.

Respectfully submitted,

*/S/ Benjamin E. Pool*
BENJAMIN E. POOL (POO008)

OF COUNSEL:
BENJAMIN E. POOL
Post Office Box 2247
Montgomery, Alabama 36102-2247
(334) 265-3528
(334) 263-2428 FAX

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon the following by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the ____9____ day of September, 2005.

United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Honorable Christine A. Freeman
Federal Defenders Office
201 Monroe Street, Suite 407
Montgomery, Alabama 36104

Honorable Zachary T. Collins
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

                                        */S/ Benjamin E. Pool*
                                        BENJAMIN E. POOL