IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-131-A |
| | ) | |
| WILLIE JAMES BOSWELL | ) | |

**RESPONSE TO MOTION FOR SEVERANCE**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant Response to Defendant's Motion for Severance, filed on or about August 3, 2005, and this Court's Order of August 9, 2005. In support of this Response, the Government offers the following:

1. "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (internal quotations and citations omitted). Joinder of defendants is appropriate where the indictment contains a single conspiracy. United States v. Badia, 827 F.2d 1458, 1466 (11th Cir. 1987). Further, there is a preference for joint trials of defendants who are indicted together. United States v. Talley, 108 F.3d 277, 279 (11th Cir. 1997).

2. Defendant alleges that a severance is necessary because the defendants *may* offer inconsistent defenses. (Def. Mot. at ¶ 1). One would expect that individual defendants tried together would create individual defenses that may be different from other defendants. However, that is no basis for severance. Rule 14 does not require severance as a matter of law whenever the defendants' defenses are antagonistic. Zafiro v. United

States, 506 U.S. 534 (1993). The mere fact that one co-defendant implicates another is not enough to mandate a severance. United States v. Castillo-Valencia, 917 F.2d 494 (11th Cir. 1990). In the instant case, Defendant "has not made a sufficient showing of compelling prejudice" to warrant severance. United States v. Butler, 792 F.2d 1528, 1534 (11th Cir. 1986).

    3. Defendant contends that he should receive a severance because his co-defendant's testimony *may be* necessary to exculpate the defendant, but *may not be* available under the Fifth Amendment if both defendants are tried jointly. (Def. Mot. ¶ 2) A defendant has a right to exercise his or her Fifth Amendment privilege regardless of whether he is tried jointly or separately. To obtain a severance on the ground that a co-defendant would testify favorably for the movant if their trials were severed a defendant must show: 1) a bona fide need for the testimony; 2) the substance of the desired testimony; 3) the exculpatory nature and effect of the desired testimony; and 4) that the co-defendant would indeed testify at a separate trial. United States v. Novaton, 271 F.3d 968 (11th Cir. 2001); United States v. Cobb, 185 F.3d 1193 (11th Cir. 1999). At the present time, the defendant has shown none of the above criteria.

    4. Defendant's motion states that the defendant should be severed from this case because the defendant *may elect* not to testify at trial, and he may therefore be prejudiced if a co-defendant testifies. (Def. Mot. ¶ 3) The defendant has no produced evidence that any of his co-defendants intend to go to trial or testify on their own behalf. Such action is premature at this juncture. Moreover, if the co-defendants were to testify, any prejudice to the defendant could be resolved with an instruction to the jury.

    5. Defendant contends that a severance is warranted because there *may be* a

Bruton issue in this case. (Def. Mot. ¶ 4). Bruton v. United States, 391 U.S. 123 (1968). However, the defendant has put forth no evidence to establish that any of his co-defendants made any out-of-court statements. Further, no information is before the Court regarding which co-defendants are or are not planning to testify.

      6. Defendant further contends that he should be severed from this cause because the jury *may be* confused about which specific evidence is offered against which defendant or *may* assume defendant is guilty due to an association with the other defendants. (Def. Mot. ¶ 5-6) Defendant also alleges that the evidence against a co-defendant *may* create an unfair "spillover" effect to the defendant . (Def. Mot. ¶ 7 and 9)  In order to grant a severance on these grounds, the defendant "must demonstrate the jury's inability to make an individualized determination as to each defendant." United States v. Diaz, 248 F.3d 1065, 1101 (11th Cir. 2001).  Alternative measures, like cautionary instructions, limit the likelihood of any "spill-over" effect. United States v. Butler, 792 F.2d 1528, 1534 (11th Cir. 1986).  In the instant cause, the defendant "has not made a sufficient showing of compelling prejudice" to warrant severance. Id.

      Respectfully submitted this the 9th day of September, 2005.

                                  LEURA GARRETT CANARY
                                  UNITED STATES ATTORNEY

                                  s/A. Clark Morris
                                  A. CLARK MORRIS
                                  Assistant United States Attorney
                                  One Court Square, Suite 201
                                  Montgomery, AL 36104
                                  Phone: (334)223-7280
                                  Fax: (334)223-7135
                                  E-mail: clark. morris@usdoj.gov
                                  ASB-1613-N77A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-131-A |
| | ) | |
| WILLIE JAMES BOSWELL | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Benjamin E. Pool, Esquire.

Respectfully submitted,

s/A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: clark. morris@usdoj.gov
ASB-1613-N77A