IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-131-A |
| | ) | |
| WILLIE JAMES BOSWELL | ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant Response to Defendant's Motion to Suppress as follows:

FACTS PERTINENT TO THE SUPPRESSION MOTION

1. On April 8, 2004, the defendant was found in possession of $37,830 and a firearm. The money and firearm were found in the defendant's vehicle in the glove box after the defendant had arranged to purchase two kilograms of cocaine from a confidential source. During the negotiation for the two kilograms of cocaine, the confidential source was equipped with a recording device. Agents were able to hear the conversations between the defendant and the confidential source as they were occurring. During the negotiations, the defendant showed the confidential source the money and firearm in the glove box and stated that the firearm was "for protection." The defendant was arrested in his vehicle. After the arrest, the agents opened the glove box to retrieve the firearm and saw the $37,830 in cash.

## THE SEARCH OF DEFENDANT'S VEHICLE WAS CONSTITUTIONAL

2.      Officers can legally search a vehicle incident to a lawful arrest. See New York v. Belton, 453 U.S. 454 (1981)(when an officer has made a lawful arrest of the occupant of a vehicle, he/she may, incident to that arrest, search the passenger compartment, including the contents of any containers found with in the passenger compartment); Knowles v. Iowa, 525 U.S. 113 (1998)(extending the search incident to lawful arrest doctrine to include "recent" occupants of an automobile). As stated above, the defendant was arrested in his vehicle. Therefore, the officers may search said vehicle incident to that arrest.

3.      Agents impounded the vehicle for forfeiture. Prior to impounding a vehicle, agents inventoried the vehicle. See South Dakota v. Opperman, 428 U.S. 364 (1977)(Inventory of seized vehicle pursuant to a standard police procedure are reasonable).

4.      Officers had a right to retrieve the gun for officer safety. The confidential source told agents involved in this investigation that there was a firearm in the glove box. Further, the defendant was arrested in the vehicle. See Maryland v. Buie, 494 U.S. 325 (1990)(A protective sweep search is permissible after making an arrest)

5.      Officers had probable cause to believe that the defendant had contraband in the vehicle. See Chambers v. Maroney, 399 U.S. 42 (1970)(when there is probable cause to believe that contraband is in a vehicle, the vehicle may be searched without a warrant). The confidential informant told the officers that he had just seen the money and a gun in the defendant's vehicle. This was the money that the defendant showed the confidential source in order to prove that the defendant had the currency to pay the

confidential source for two kilograms of cocaine. Agents listened to the conversations between the defendant and the confidential informant as they occurred. Through those conversations, the agents were able to corroborate that the defendant had indeed shown the confidential source the money and a firearm. Thus, there was probable cause to believe that contraband was in the vehicle and a search was permitted.

6. Based on the forgoing, the search of the defendant's vehicle did not violate the defendant's rights under the Fourth Amendment. Therefore, evidence found during the search should not be suppressed. Furthermore, the defendant's statements to law enforcement should not be suppressed based on the "fruit of the poisonous tree doctrine."

Respectfully submitted this the 16th day of September, 2005.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


s/A. Clark Morris
A. CLARK MORRIS  ASB-1613-N77A
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: clark. morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-131-A |
| | ) | |
| WILLIE JAMES BOSWELL | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Benjamin E. Pool, Esquire.

                Respectfully submitted,

                s/A. Clark Morris
                A. CLARK MORRIS
                Assistant United States Attorney
                One Court Square, Suite 201
                Montgomery, AL 36104
                Phone: (334)223-7280
                Fax: (334)223-7135
                E-mail: clark. morris@usdoj.gov
                ASB-1613-N77A